UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case Nos. 1:89-cr-56-02 and 1:97-cv-264 |
| | ) | Judge Edgar |
| DARRELL FRAZIER | ) | |

## **MEMORANDUM AND ORDER**

Federal prisoner Darrell Frazier moves pursuant to Fed. R. Civ. P. 60(b)(6) for relief from the order entered by this Court on October 20, 1997, denying his motion for post-conviction relief under 28 U.S.C. § 2255. After reviewing the record, the Court concludes that Frazier is not entitled to relief pursuant to Fed. R. Civ. P. 60(b)(6) and his motions will be denied as frivolous.

On January 22, 1990, this Court entered the judgment of conviction against Frazier in Case No. 1:89-cr-56-02. Frazier took a direct appeal to the Sixth Circuit Court of Appeals. The Sixth Circuit affirmed the judgment of conviction and dismissed the appeal. *United States v. Frazier*, 936 F.2d 262 (6th Cir. 1991).

On April 25, 1997, Frazier made a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 and the § 2255 proceeding was assigned Case No. 1:97-cv-264. Frazier was represented by counsel. On October 20, 1997, this Court denied the § 2255 motion on the ground that it was time-barred by the applicable one-year statute of limitations. Frazier took an appeal to the Sixth Circuit Court of Appeals. On May 9, 2000, the Sixth Circuit rendered its decision affirming the order dismissing the § 2255 motion and the appeal was dismissed. *Frazier v. United States*, 215 F.3d 1326 (Table, text in 2000 WL 658072 (6th Cir. May 9, 2000)), *cert. denied*, 531 U.S. 880 (2000). The

1

Sixth Circuit considered and rejected Frazier's arguments that he was entitled to equitable tolling of the statute of limitations.

On July 9, 2001, Frazier made a motion pursuant to Fed. R. Civ. P. 60(b) seeking to have this Court "reinstate the review of his habeas corpus petition pursuant to Title 28 U.S.C. 2255." [Case No. 1:97-cv-264, Doc. No. 30]. Pursuant to Rule 60(b) Frazier moved for relief from the order entered by this Court on October 20, 1997, denying his § 2255 motion. Frazier argued that the statute of limitation on his § 2255 motion should be equitably tolled because of ineffective assistance of counsel in filing the § 2255 motion late, after the statute of limitations had run, based on alleged incorrect or misguided advice from court personnel. However, the Sixth Circuit on May 9, 2000, rejected the same equitable tolling arguments raised by Frazier when he took the appeal to the Sixth Circuit in the § 2255 proceeding. *Frazier*, 2000 WL 658072.

On September 5, 2001, this Court entered a memorandum and order denying Frazier's motion for relief under Rule 60(b). [Case No. 1:97-cv-264, Doc. No. 32]. This Court explained that the Sixth Circuit Court of Appeals had specifically ruled against Frazier on his equitable tolling claim when the Sixth Circuit on May 9, 2000, affirmed the District Court's order dismissing the § 2255 motion. *Frazier*, 2000 WL 658072. This Court further explained that the Sixth Circuit's decision is the law of the case and the District Court is bound by the Sixth Circuit's decision. This Court could not grant the relief sought by Frazier in his Rule 60(b) motion because to do so would have been directly contrary to the Sixth Circuit's decision on May 9, 2000, in *Frazier*, 2000 WL 658072.

There are presently before the Court *pro se* motions by Frazier pursuant to Fed. R. Civ. P. 60(b)(6). Frazier again seeks relief under Rule 60(b)(6) from the order entered by this Court on

2

October 20, 1997, denying his § 2255 motion. The instant Rule 60(b)(6) motions are filed in Case No. 1-89-cr-56, Doc. No. 119, and Case No. 1:97-cv-264, Doc. Nos. 42 and 44. In these motions, Frazier seeks to relitigate the same issue whether he is entitled to equitable tolling of the statute of limitations on his 28 U.S.C. § 2255 motion. In other words, the instant Rule 60(b)(6) motions are essentially nothing more than an attempt by Frazier to resurrect and rehash his prior Rule 60(b) motion that this Court denied on September 5, 2001. [Case No. 1:97-cv-264, Doc. Nos. 30, 32].

Frazier's motions pursuant to Rule 60(b)(6) seeking relief from the order entered on October 20, 1997, denying his § 2255 motion [Case No. 1-89-cr-56, Doc. No. 119; Case No. 1:97-cv-264, Doc. Nos. 42 and 44] must be denied as frivolous.

As discussed *supra*, the Sixth Circuit on May 9, 2000, affirmed the District Court's order dismissing Frazier's § 2255 motion on the ground that it was time-barred by the statute of limitations. *Frazier*, 2000 WL 658072. The Sixth Circuit ruled against Frazier on his equitable tolling arguments. The Sixth Circuit's decision on May 9, 2000, is the law of this case. The District Court is bound by and required to comply with the Sixth Circuit's decision. This Court cannot grant the relief now sought by Frazier in his Rule 60(b)(6) motions based on his claim of equitable tolling because to do so would be directly contrary to the Sixth Circuit's decision on May 9, 2000, in *Frazier*, 2000 WL 658072.

On September 5, 2001, this Court denied a similar motion by Frazier motion seeking relief under Rule 60(b). [Case No. 1:97-cv-264, Doc. No. 32]. Frazier has not met his burden of showing that there is any good reason why this Court should change its opinion and reach a different result here on the present Rule 60(b)(6) motions.

Moreover, the Rule 60(b)(6) motions will also be dismissed on the ground that they are

3

untimely. A motion under Rule 60(b)(6) "must be made within a reasonable time." Fed.R. Civ. P. 60(c). What constitutes a reasonable time limit for making a Rule 60(b)(6) motion depends upon the facts and circumstances in each case. The Court considers the length of delay, the movant's reason for the delay, the movant's ability to learn earlier of the grounds relied upon in the Rule 60(b)(6) motion, whether the opposing party is prejudiced by the delay, and any other relevant circumstances compelling equitable relief. *In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003); *LAL v. Prudential Securities, Inc.*, 172 F.3d 48 (Table, text in 1998 WL 889765, * 3 (6th Cir. Dec. 8, 1998)); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

The Court finds that all of these factors weigh heavily against Frazier. Frazier did not file his motions under Rule 60(b)(6) within a reasonable time as required by Rule 60(c). The order denying Frazier's 28 U.S.C. § 2255 motion was entered on October 20, 1997, and Frazier filed his instant Rule 60(b)(6) motions in October and November 2009. Based on the facts and circumstances in this case, a delay of approximately 12 years is unreasonable. Frazier has not met his burden of showing that there any extraordinary circumstances compelling equitable relief under Rule 60(b)(6).

Accordingly, Frazier's motions pursuant to Rule 60(b)(6) seeking relief from the order entered on October 20, 1997, denying his 28 U.S.C. § 2255 motion [Case No. 1-89-cr-56, Doc. No. 119; Case No. 1:97-cv-264, Doc. Nos. 42 and 44] are **DENIED**.

SO ORDERED.

ENTERED this the 13th day of November, 2009.

                                         */s/ R. Allan Edgar*
                                         R. ALLAN EDGAR
                             UNITED STATES DISTRICT JUDGE